UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERICK OWUSU,

            Petitioner,

   v.

MARGARET GILBERT,

            Respondent.

CASE NO. 2:21-cv-00500-RSM-BAT

**REPORT AND RECOMMENDATION**

Petitioner Derick Owusu seeks 28 U.S.C. § 2254 habeas relief from his King County Superior Court convictions for Identity Theft in the First in case number 12-1-02366-9-SEA. Dkt. 6 (Habeas Petition). The habeas petition raises one ground for relief:

> Defense counsel was ineffective for failing to consolidate the information charging Petitioner with identity theft in case number 12-1-02366-9-SEA with the information charging him with identity theft in the second degree in case number 14-1-01308-2-SEA.

On June 15, 2021, Respondent filed a response to the habeas petition and the state court record. Dkt. 9 and 10. Respondent concedes Petitioner exhausted the above ground for relief and that the present federal habeas petition was timely filed. The habeas claim is thus properly before the Court, and the Court need not recite the procedural history regarding the state court direct appeal or personal restraint petition proceedings.

REPORT AND RECOMMENDATION - 1

Respondent argues the habeas petition should be dismissed because Petitioner has failed to establish the state court's decision is contrary to or an unreasonable application of clearly established Supreme Court law, or an unreasonable determination of the facts in light of the evidence presented to the state court. The response was noted for July 7, 2021 but the Court granted Petitioner's motion for additional time to reply to the response. The Court directed Petitioner to file his reply by September 3, 2021 and re-noted the matter for September 10, 2021 for consideration. Dkt. 12.

On July 30, 2021 Petitioner filed a motion requesting the Court appoint John Strait for the purpose of allowing Petitioner to present Mr. Strait's expert testimony in support of his ground for relief. Dkt. 13. Petitioner suggests the Court should appoint Mr. Strait because his testimony will guide the Court and dispel any doubt his trial lawyer was ineffective. Respondent argues the motion should be denied because under *Cullen v. Pinholster*, 563 U.S. 170 (2011) the Court is limited to reviewing the state court record as it existed upon state court review, and cannot grant relief based upon new evidence that is presented for the first time to a federal habeas court. Dkt. 14.

Having reviewed the parties' pleadings and the record, the Court recommends the habeas petition be **DENIED** and **DISMISSED**. Petitioner fails to show the state-court adjudication of his grounds for relief was contrary to, or an unreasonable application of, established federal law, or was an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)– (2). The Court also recommends **DENYING** the motion to appoint John Strait and expand the record via discovery, new expert testimony from John Straight or an evidentiary hearing. *See* Dkt. 13. If this recommendation is adopted the Court also recommends denying issuance of a certificate of appealability (COA).

REPORT AND RECOMMENDATION - 2

# BACKGROUND

A. **Present Petition**

Petitioner Derick Owusu seeks habeas relief from the sentence that was imposed in King County Superior Court for his 2015 convictions for first degree identity theft under case number 12-1-02366-9 -SEA ("2012 case"). This sentence was ordered to run consecutively to the sentence imposed in his 2014 convictions for second degree identity theft under case number 14-1-01308-2-SEA ("2014 case"). Dkt. 6 (Habeas Petition). Petitioner claims his trial lawyer was ineffective for failing to consolidate both case numbers for a single trial. He argues that had the two cases been consolidated for a single trial, the convictions for the two cases would have run concurrently rather than consecutively.

In support of this argument, Petitioner asserts attorney Jeffrey Goldman was appointed to represent him in both case numbers. Counsel represented Petitioner in the 2012 case from May 2014 to October 2014. Counsel also represented Petitioner in the 2014 case from May 2014 until December 2014. Counsel did not move to consolidate or join the 2012 and 2014 cases for a single trial during his tenure as Petitioner's lawyer.

On October 20, 2014, trial in the 2014 case commenced. During the trial, Petitioner moved to proceed *pro se*. Petitioner indicates the motion was denied as to the 2014 case but granted as to the 2012 case, which had not been joined for trial. Counsel represented Petitioner in the 2014 case and Petitioner was found guilty on 12 counts of identity theft and sentenced on November 25, 2014 to 84 months of imprisonment.

On April 15, 2015, the trial in Petitioner's 2012 case commenced. Petitioner was convicted of three counts of identity theft and the trial judge imposed a sentence of 73.5 months of imprisonment to run consecutively to the 84 month sentence imposed earlier in the 2014 case.

REPORT AND RECOMMENDATION - 3

**DISCUSSION**

**A.     EVIDENTIARY HEARING**

Petitioner suggests the Court order discovery by taking testimony from John Strait via an evidentiary hearing and discovery. The Court is barred from doing so under *Cullen v. Pinholster*, 563 U.S. 170 (2011). Petitioner exhausted his ineffective assist of counsel (IAC) claim by presenting it to the state courts and the state courts rejected the claim thus adjudicating it on the merits. As discussed below, the state courts' rejection of the claim is neither contrary to or an unreasonable application of clearly established Supreme Court law or based upon an unreasonable determination of the facts given the record.

Under these circumstances, this court is barred from conducting an evidentiary hearing to further develop the facts on petitioner's ineffective assistance of counsel claims. *Pinholster* at 185 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before the state court."); *see Gulbrandson v. Ryan*, 738 F.3d 976, 993, n. 6 (9th Cir. 2013) ("*Pinholster* and the statutory text make clear that this evidentiary limitation is applicable to § 2254(d)(2) claims as well. *See* § 2254(d)(2) (allowing for habeas relief if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.") (emphasis added); *Pinholster*, 131 S. Ct. at 1400 n. 7 (comparing (d)(1) to (d)(2) and stating that (d)(1) "also is plainly limited to the state-court record.") (emphasis added)); s*ee also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks

and citation omitted). *Pinholster* is also applicable to motions seeking additional discovery. *See Runningeagle v. Ryan*, 686 F.3d 758, 773–774 (9th Cir. 2012) (*Pinholster* governs discovery, expansion of the record and evidentiary hearings); *Neng Saypo Pha v. Gary Swarthout, Warden*, No. 15-16028, 2016 WL 4073503 (9th Cir. Aug. 1, 2016) ("*Pinholster* applies to all requests for evidentiary hearing (and discovery) no matter the subject of the claim; it worked a sea change in federal habeas corpus practice.").

As discussed below, the state courts' adjudication of Petitioner's claim is not unreasonable. Accordingly, petitioner's request for evidentiary hearing and discovery via John Strait should be denied. *See also Kemp v. Ryan*, 638 F.3d 1245, 1269 (9th Cir. 2011) (When a habeas petitioner is not entitled to an evidentiary hearing, then the petitioner's request for discovery is futile, and the court does not abuse its discretion in denying it.).

**HABEAS REVIEW STANDARD**

A federal court may not grant habeas relief unless the state court decision: "(1) was contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such law, or (3) . . . was based on an unreasonable determination of the facts in light of the record before the state court." *Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011) (as amended); 28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is contrary to clearly established federal law if it contradicts the law set forth by the United States Supreme Court or reaches a result different than that reached by the Supreme Court on materially indistinguishable facts. *Terry Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state court's decision is an unreasonable application of clearly established federal law when the state court identifies the correct legal rule but applies it to a new set of facts in a way that is objectively unreasonable. *See id*. at 407. "Clearly established federal law means

the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Xiong v. Felker*, 681 F.3d 1067, 1073 (9th Cir. 2012) (citation omitted). A court's determination of clearly-established law rests on a Supreme Court holding, not on circuit decisions. *Wright v. VanPatten*, 552 U.S. 120, 125–26 (2008) (A Supreme Court case must have "squarely address[ed]" a certain issue and given a "clear answer" regarding the applicable legal rule to create "clearly established federal law.).

As to habeas relief based upon a claim the state court unreasonably determined the facts, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller–El I*, 537 U.S. 322, 340 (2010) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Additionally, state-court factual findings are presumed correct. This is a presumption the petitioner must overcome by clear and convincing evidence. *Davis v. Ayala*, 135 S. Ct. 2187, 2199–2200 (2015) (quotation and citation omitted). Consequently, even if reasonable minds reviewing the record might disagree about a state court's factual determination, a federal habeas court cannot supersede the trial court's determination. *Id.* at 2201.

In considering a habeas petition, a federal court reviews the "last reasoned decision" from the state court. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the final state court decision contains no reasoning, the court looks to the last decision from the state court that provides a reasoned explanation of the issue. *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Where no state court decision articulates its underlying reasoning, "the habeas

REPORT AND RECOMMENDATION - 6

petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. . . ." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). When the state courts fail to provide reasoning for its decisions, a federal court must independently review the record and ascertain whether the state court's decision was objectively unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (citation and internal quotation marks omitted)." "Crucially, this is not a de novo review of the constitutional question. Rather, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citations and internal quotation marks omitted).

Finally, as noted above, a federal court's review of a habeas claim is limited to the facts before the state court and the petitioner is not entitled to an evidentiary hearing in federal court where the state court's determination is not contrary to § 2254(d)(1) or (d)(2). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An evidentiary hearing may be appropriate after *Pinholster* only if the district court first determines that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it.

## MERITS OF IAC CLAIM

1.  ***Strickland* Standard**

Petitioner contends the Court should grant habeas relief because his trial lawyer provided ineffective assistance of counsel. The Supreme Court established the standard to assess ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U. S. 668 (1984). The Court held trial counsel is constitutionally ineffective when counsel's performance was deficient, and the deficient performance prejudiced petitioner's defense. *Id*. at 688. The habeas petitioner bears the burden of proving both deficient performance and prejudice. *Wong v. Belmotes*, 558

REPORT AND RECOMMENDATION - 7

1 U.S. 15, 27 (2009). Noting the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction," *Strickland* at 689, the Supreme Court stated counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption and establish counsel performed deficiently, a criminal defendant must show counsel failed to act "reasonabl[y] considering all the circumstances" *Id*. at 688.

Additionally, under *Strickland*, defendants must prove prejudice. *Id*. at 691–692, "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. When evaluating prejudice "the reviewing court must consider all the evidence—the good and the bad." *Wong v. Belmontes* at 26. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

In a federal habeas action, a federal court reviews a state court's decision under a "doubly deferential" standard. *Cullen v. Pinholster*, 563 U.S. at 190. Under this standard, petitioner must establish it was unreasonable for the state court to conclude petitioner failed to overcome the strong presumption of competence and failed to establish prejudice. *Id*.

### 2. State Court Determinations

In the state courts, Petitioner alleged defense counsel was ineffective by failing to file a motion to join his 2012 case with his 2014 case for a single trial, and thus a single sentencing hearing. The Washington Court of Appeals rejected the claim in denying Petitioner's PRP. *See* Dkt. 10, Exhibit 13. In its decision, the Washington Court of Appeals held:

> This petition involves one of four criminal causes the State filed against Owusu between 2012 and 2014. The State eventually

REPORT AND RECOMMENDATION - 8

joined this cause number with a 2013 cause (King County Superior Court Cause No. 13-1-14221-6 SEA) and proceeded to trial in three separate cases. Attorney Ben Goldman initially represented Owusu in all of the cases. Eventually, the court granted his motion to discharge counsel in two of the cases, including this case. The court granted lengthy continuances to allow Owusu to prepare for trial. Eventually, the jury convicted Owusu as charged. After hearing extensive arguments, the court ordered his 73.5-month sentence to run consecutively to the sentence previously imposed in King County Superior Court Cause No. 14-1- 301308-2. This court affirmed Owusu's convictions and sentence on appeal. *See State v. Owusu*, No. 73657-4-1. Owusu claims that he was deprived of the effective assistance of counsel at trial. To establish ineffective assistance of counsel, Owusu must demonstrate both that his attorney's representation was deficient, i.e., that it fell below an objective standard of reasonableness, and resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. McFarland*, 127 Wn.2d 322, 334- 35, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "If either part of the test is not satisfied, the inquiry need go no further." *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 9 563 (1996). Counsel's performance is strongly presumed to have been reasonable, and conduct that can be characterized as legitimate trial strategy is not deficient. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). The presumption of reasonableness can be overcome only by showing there is no conceivable legitimate tactical reason for counsel's conduct. *Grier*, 171 Wn.2d at 33. Owusu claims that trial counsel performed deficiently because, prior to being discharged, he failed to seek joinder of this cause with 14-1-01308-2. He contends that he would have benefitted from the presumption of concurrent sentencing if the causes had been resolved in a single trial. Owusu claims there was no conceivable strategic basis for failing to seek joinder and there was no potential prejudice to the defense that would have resulted from consolidation. Owusu fails to establish that counsel made an unreasonable strategic choice with

respect to joining the causes. The other cause, 14-1-01308-2, involved more than unrelated felony charges. Contrary to Owusu's assertions, much of the evidence was not cross admissible and the numerous additional felony charges would have potentially prejudiced Owusu's position at trial. And even assuming deficient conduct, Owusu fails to allege, much less establish, that there is a reasonable likelihood that the outcome of the trial would have been

REPORT AND RECOMMENDATION - 9

> different. The premise of his argument, that he would have certainly received a lesser sentence because the court would have ordered his sentences to run concurrently, is flawed. His offender score on each count in this cause was 18, and the record indicates that the State would have sought an exceptional sentence under the "free crimes" aggravator if the court had not been authorized to impose consecutive sentences.
>
> Owusu fails to establish that the attorney's representation was constitutionally deficient.

*Id.* at 2-3.

Petitioner sought review of the Court of Appeals decision. On review, the Washington Supreme Court rejected the petition for review finding Petitioner had failed to establish trial counsel was deficient and he had been prejudiced. *See* Dkt. 10, Exhibit 16. The Washington Supreme Court held:

> Mr. Owusu reasons that had counsel successfully joined the prosecutions, all of his sentences, if he had been convicted, would have presumptively been imposed concurrently. See RCW 9.94A.589(1)(a). But, he notes, by being tried and convicted separately for the current three identify thefts, the trial court had the option to run his current sentences consecutively to the sentences on the 2014 convictions. See RCW 9.94A.589(3).
>
> But the acting chief judge properly found that Mr. Owusu did not overcome the presumption of competent representation. Counsel could have reasonably believed that joining the current identity theft charges with a prosecution that included seven other charges of identity theft along with several charges for other crimes would have been highly prejudicial to Mr. Owusu, regardless of Mr. Owusu's common defense of denial. The acting chief judge observed that one factor supporting the joinder of charges is the cross- admissibility of evidence of the charges, and that here much of the evidence was not cross-admissible. *See State v. Bythrow*, 114 Wn.2d 713, 718, 790 P.2d 154 (1990) (factors in considering whether joinder of charges would be unduly prejudicial). Mr. Owusu argues that the acting chief judge was wrong on this point, but he does not show that to be the case. He lists some items of evidence that he claims were admitted in both prosecutions, but he does not show the acting chief judge was wrong in finding that much of the evidence was not cross-admissible. And regardless of

REPORT AND RECOMMENDATION - 10

> how much evidence was cross-admissible, it cannot be said that defense counsel lacked any conceivably legitimate reason to not seek joinder. Mr. Owusu urges that he certainly would have received a lesser sentence had all of the charges been tried together, but as the acting chief judge noted, Mr. Owusu's current offender score was 18, and if the trial court had not had the authority under RCW 9.94A.589(3) to run his current sentence consecutively to his 2014 sentence, the State would have sought consecutive terms as a form of exceptional sentence under the "free crimes" aggravating factor. See RCW 9.94A.535(2)(c). It is thus not certain that joinder would have resulted in a lower prison term. [court's footnote. Mr. Owusu contends that had all of his first degree identity theft charges been tried together, the trial court could not have imposed a total sentence greater than 10 years, the maximum sentence for that crime. RCW 18 9.35.020(2); RCW 9A.20.021(1)(b). But he is wrong. The maximum sentence is the limit for any one conviction. As an exceptional sentence, the court could have imposed consecutive sentences for multiple convictions that in total exceeded the 10-year maximum for any single conviction. *State v. Flake*, 76 Wn. App. 174, 187-88, 883 P.3d 341 (1994).]

*Id.* at 2-3.

The Court cannot say the state courts' determinations that trial counsel was not deficient, and Plaintiff failed to show prejudice was an unreasonable application of federal law or based upon an unreasonable determination of the facts. First, the state court properly applied the Supreme Court's *Strickland* standard in requiring Petitioner to establish trial counsel's representation was deficient, (fell below an objective standard of reasonableness), and was prejudicial (there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different). The state courts thus applied the correct legal standard.

Second the state courts' application of the correct legal standard was not unreasonable. The state court found Petitioner failed to show trial counsel made an unreasonable strategic choice by failing to seek joinder of the 2014 and 2012 cases. The Court of Appeals noted the

REPORT AND RECOMMENDATION - 11

2012 and 2014 involved crimes that were unrelated and much of the evidence of one case was not cross-admissible to the other. Under these circumstances, the Court of Appeals reasonably concluded there was a strategic advantage in not joining the 2012 and 2014 cases because joinder would have resulted in numerous unrelated felony charges being tried at once which would have potentially prejudiced Petitioner's defense. Hence there was a strategic reason to avoid joinder of the 2012 and 2014 cases for a single trial.

Third, Petitioner's focus on the sentences he received does not square with his strategy when his cases were pending trial in the state trial court. The record clearly shows Petitioner intended to go to trial in both the 2012 and 2014 cases. In seeking trials in both of his cases, Petitioner obviously sought to prevail in both of his cases at trial. This much is clear from the *pro se* opening brief Petitioner filed in his direct appeal of his 2012 case conviction and sentence. In his opening brief Petitioner argued the trial court erred in denying him the right to represent himself in the 2014 case that was tried first in October 2014. In the 2014 case, Petitioner moved on September 26, 2014 to represent himself in both of his cases. The motion to represent himself in the 2014 was denied as untimely, but the trial court granted Petitioner leave to represent himself in the 2012 case. Although petitioner became counsel in the 2012 case, he failed to move for joinder of both cases. Dkt.10, Exhibit 2 at 41. Petitioner's decision not to move for joinder was not irrational because as the state court of appeals and Washington Supreme Court found, there was a strategic reason not to join the two cases for trial.

The record further shows in 2015, Petitioner represented himself at trial in the 2012 case, was convicted and sentenced to a term of imprisonment that was ordered to run consecutive to the term of imprisonment imposed in the 2014. On direct appeal, Petitioner in his *pro se* brief argued the reason he received the consecutive sentence was not because his lawyer failed to

REPORT AND RECOMMENDATION - 12

move to join the 2012 and 2014 cases. Rather the reason he received consecutive sentences was the trial court denied him the right to represent himself in the 2014 case that went to trial first and denied him sufficient time to prepare for the second trial in his 2012 case. *Id.* Petitioner's rationale clearly establishes the intent to go to trial on both cases, the intent to have separate trials for his two cases, and the belief that he would have won both trials if he had represented himself in the 2012 case and been given additional time to prepare his defense in the 2014 case.

The record thus establishes the state courts' finding that counsel was not deficient under *Strickland* is based upon a upon a reasonable application of Supreme Court law and a reasonable determination of the record. The record establishes Plaintiff sought to have trials in both his 2012 and 2014 cases and that there was a strategic reason to avoid joinder and hold separate trials. Because Petitioner has failed to meet the first prong of the *Strickland* standard, his claim fails, and the Court need not address the second prong regarding prejudice.

However, even if the Court considered the second *Strickland* prong, the issue before the Court is not whether the Court believes Petitioner suffered prejudice and the state court was incorrect in finding none, but whether the state courts' determination of no prejudice was unreasonable—a substantially higher threshold. *Avena v. Chappell*, 932 F.3d 1237, 1250–51 (9th Cir. 2019) (citations and internal quotation marks omitted). Under this standard, Petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Petitioner has failed to meet this burden. The state court found even if the two cases had been joined and a single sentencing hearing was held, that Petitioner

failed to establish he would have received concurrent sentences rather than consecutive sentences.

The record supports this conclusion. The trial judge during the sentencing hearing in the 2012 case questioned the prosecuting attorney about whether the sentence imposed in the 2012 case should run concurrently to the sentences imposed earlier in the 2014 case. Dkt. 10, Exhibit 37 at 1335-1337. The prosecuting attorney argues even if the sentencing court had the discretion to impose concurrent sentences, the facts of Petitioner's cases supported imposition of consecutive sentences. *Id.* at 1337 ("There is a plethora of reasons for the defendant deserves consecutive sentences."). In support, the prosecuting attorney argued that consecutive sentences should be imposed because Petitioner engaged in a extended crime spree; after he was arrested and was arraigned, he absconded and had to be extradited from Florida; the identity theft crimes Petitioner committed in the 2012 and 2014 cases differed from one another; concurrent sentences would grant Petitioner no additional punishment for the numerous separate crimes he committed; the crimes were committed in a deliberate manner and were not spur-of-the moment offenses; Petitioner's crimes had a tremendous negative effect on the victims destroying their credit, and affecting their ability to obtain employment; Petitioner targeted vulnerable victims including a developmentally delayed individual; Petitioner showed lack of remorse throughout his trials; Petitioner engaged in behavior that obstructed justice, caused delays and prevented evidence from being presented; the prosecuting attorney received referrals from the jail that Petitioner had assaulted another detainee causing orbital fractures; and there were allegations in Petitioner's first trial that he was intimidating witnesses.

REPORT AND RECOMMENDATION - 14

The prosecuting attorney further indicated her office discussed seeking an exceptionally high sentence but concluded that if a consecutive sentence were imposed, a mid-range sentence of 84 months would be appropriate in view of Petitioner's age. *Id.* at 1344.

Petitioner argued to the sentencing judge that he should receive a sentence of 73 months in 2014 to run concurrently to the sentence earlier imposed in the 2012 case. *Id.* at 1354. The sentencing judge rejected Petitioner's argument regarding concurrent sentences and largely agreeing with the reasons presented by the prosecuting attorney imposed a sentence of 73.5 months to run consecutively to the 2012 case. *Id.* at 1363.

Based upon this record, this Court finds the state courts reasonably determined Petitioner failed to establish counsel performed deficiently and also failed to meet the *Strickland* prejudice prong. Accordingly, the Court concludes Petitioner's claim his trial lawyer was ineffective for failing to join the 2012 and 2014 cases for a joint trial should be denied and recommends the habeas petition be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's claim his lawyer was ineffective fails and should be dismissed. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

However, if Plaintiff has any objections to the Report and Recommendation, he must file his objections no later than **September 28, 2021.** The Clerk should note the matter for **October 1, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 12 pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of September 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16